UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIM NAUMAN, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br>    v.<br><br>GENERAL MOTORS LLC,<br><br>                   Defendant. | CASE NO. C21-5150 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS |

This matter comes before the Court on Defendant General Motors LLC's ("GM") motion to dismiss and to strike class allegations. Dkt. 19. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Tim Nauman filed this class action complaint individually and on behalf of Washington and Nationwide Class members, each of whom purchased or leased one or more model year 2011–2014 GM vehicles fitted with GM's defective Generation IV 5.3 Liter V8 Vortec 5300 LC9 engines. Dkt. 1, ¶ 1. Plaintiff alleges that his 2011 Chevrolet

Silverado, and the other Class vehicles delineated in the complaint, *see id.* ¶ 2, consume an excessive amount of oil as a result of defective piston rings within the Generation IV Vortec 5300 engines. *Id.* ¶¶ 5–10, 42–64. Plaintiff alleges that that GM knew about the oil consumption defect prior to the sale of his vehicle but did not disclose it to Plaintiff or the members of the putative Washington Class. *Id.* ¶¶ 95–149, 172–74.

Plaintiff brings claims on individually and on behalf of the Washington class for violations of the Washington Consumer Protection Act, RCW § 19.86, *et seq.*, breach of express warranty, breach of implied warranty of merchantability, fraudulent omission, and unjust enrichment. *Id.* at 53–60. He also brings claims individually and on behalf of a Nationwide Class for violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*. *Id.* at 60–62.

Further, Plaintiff asserts that his allegations are materially identical to those asserted in *Sloan, et al. v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) (Order on Motion for Summary Judgment). Dkt. 32 at 7. The plaintiffs in *Sloan*, representing classes for owners or lessees in California, New Jersey, North Carolina, and Texas, brought claims arising from the sale of vehicles with the alleged oil consumption defect. *See Sloan*, 2020 WL 1955643, at *2–3.

The *Sloan* court concluded that, under *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773 (2017), it was improper for the court to exercise pendent personal jurisdiction over the claims of out-of-state plaintiffs who lacked an independent relationship to California. *Sloan v. Gen. Motors*, 438 F. Supp. 3d 1017, 1021 (N.D. Cal. 2020) (Order Dismissing Additional Plaintiffs). The *Sloan* court then dismissed the

claims of the plaintiffs from Illinois, New York, Oregon, and Washington. *Id.* The Washington plaintiff from *Sloan* then filed an action in this District. *See Harris v. Gen. Motors LLC*, No. C20-257 TSZ, 2020 WL 5231198 (W.D. Wash. Sept. 2, 2020), Dkt. 1. The Court dismissed the complaint without prejudice. *Id.*, *reconsideration granted on other grounds* 2020 WL 10692982 (W.D. Wash. Oct. 19, 2020). The original Washington plaintiff from *Sloan* has since voluntarily dismissed his claims, *id.*, Dkt. 44, and Plaintiff in this action now seeks to represent the Washington Class affected by alleged the oil consumption defect.

On May 17, 2021, GM filed the instant motion to dismiss and motion to strike class allegations, seeking to dismiss all of Plaintiff's claims and to strike the nationwide MMWA allegations. Dkt. 19. On June 14, Plaintiff responded. Dkt. 32. On July 2, 2021, GM replied. Dkt. 33.

## II.  DISCUSSION

**A.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.    Breach of Express Warranty**

GM argues that Plaintiff's alleged design defect is not covered by GM's limited warranty, which it asserts only covers defects in material or workmanship. Dkt. 19 at 5–7. As alleged, GM expressly warranted that it would "cover[] repairs to correct any vehicle defect, not slight noise, vibrations, or other normal characteristics of the vehicle related to materials or workmanship occurring during the warranty period." Dkt. 1, ¶ 223.

GM asserts that "[a]n overwhelming majority of courts" have held that its warranty only covers materials and workmanship, i.e., manufacturing defects, and not design defects. Dkt. 19 at 5–6 (citing, *inter alia*, *Harris*, 2020 WL 5231198, at *3; *Sloan*, 2017 WL 3283998, at *8. Indeed, this Court concluded in the previous iteration of this case that the warranty at issue "does not cover the alleged design defect." *Harris*, 2020 WL 5231198, at *3.

Plaintiff, in response, argues that the warranty covers repairs to correct any vehicle defect. Dkt. 32 at 10–12. He asserts that it "plainly reads, under standard English grammar, as covering *any* vehicle defect *except* 'slight noise, vibrations, or other normal characteristics of the vehicle related to materials or workmanship occurring during the warranty period.'" *Id.* at 10 (emphasis in original). Plaintiff urges this Court to interpret the warranty "under standard English grammar" and deny GM's motion.

Plaintiff argues that if the warranty coverage was limited to manufacturing defects, there would be a comma separating "other normal characteristics of the vehicle" from

ORDER - 4

"related to materials or workmanship." Dkt. 32 at 10–11 & n.1. The District of Oregon recently explained Plaintiff's position well:

> Plaintiff argues that the text of this clause includes, as it expressly states, "any vehicle defect" except for "slight noise, vibrations, or other normal characteristics of the vehicle related to materials or workmanship occurring during the warranty period." Under Plaintiff's reading, the phrase "related to materials or workmanship" modifies the "normal characteristics of the vehicle" that are excluded from coverage, and "slight noise" and "vibrations" are two examples of such "normal characteristics of the vehicle related to materials or workmanship." Because the Oil Consumption Defect is not a normal characteristic of the vehicle related to materials or workmanship, similar to slight noise or vibrations, Plaintiff argues, that alleged defect is covered by the express warranty and not excluded.

*Martell v. General Motors LLC*, __ F. Supp. 3d __, 2021 WL 1840759, at *5–9 (D. Or. May 7, 2021).

The Court agrees with GM here. While other district courts have found Plaintiff's argument to have merit, the Court does not find a reading of the express warranty to include design defects and exclude manufacturing defects. Rather, a reading of the express warranty supports the opposite: that the warranty only covers materials or workmanship and not design defects.[1] *See Sloan*, 2017 WL 3283998, at *8 & n.5 (collecting cases holding that design defects are not covered by GM's warranty). Therefore, GM's motion is GRANTED, and Plaintiff's claim for breach of express warranty is DISMISSED with prejudice.

---

[1] This reading is further supported by the four corners of the warranty which describes the bumper-to-bumper warranty's coverage as limited to defects in "materials and workmanship." *See* Dkt. 33-1.

**C.      Breach of Implied Warranty**

GM seeks dismissal of Plaintiff's breach of implied warranty claims on several grounds. First, GM argues that because Plaintiff purchased his 2011 Silverado from an independent dealership, he cannot allege privity with GM, which is required for a breach of implied warranty claim in Washington. Dkt. 19 at 7 (citing, *inter alia*, *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1286–87 (W.D. Wash. 2020)). GM additionally argues that Plaintiff has failed to allege that his vehicle was unmerchantable at the time of sale and that his claim is untimely. *Id.* at 7–8. Plaintiff does not respond to these arguments.

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. LCR 7(b)(2). The Court thus agrees with GM that Plaintiff has not alleged a breach of implied warranty claim for the reasons delineated in GM's motion.

GM's motion is therefore GRANTED, and Plaintiff's claim for breach of implied warranty is DISMISSED without prejudice.

**D.      Magnuson-Moss Warranty Act**

GM next moves to dismiss Plaintiff's MMWA claim, arguing that he has failed to plead viable state law warranty claims and that, in addition, he has failed to name the statutorily required 100 plaintiffs. Dkt. 19 at 9. Plaintiff again does not respond to these arguments.

The Court has concluded that Plaintiff has not pled a viable breach of express warranty claim, and Plaintiff cannot maintain a class action MMWA claim with fewer than 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(C); *Sloan v. General Motors LLC*, No. 16-cv-07244-EMC, 2019 WL 6612221, at *8 (N.D. Cal. Dec. 5, 2019) (collecting cases holding the same). Plaintiff's failure to respond to GM's arguments only further supports the Court's conclusion on this issue.

GM's motion is therefore GRANTED, and Plaintiff's Magnuson-Moss Warranty Act claim is DISMISSED without prejudice. Having dismissed Plaintiff's underlying MMWA claim, GM's motion to strike Plaintiff's Nationwide Class allegations is DENIED as moot.

**E.     Fraudulent Omission**

The parties agree that Plaintiff's fraudulent omission claim is governed by Rule 9(b). Dkt. 19 at 9; Dkt. 32 at 14. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A claim sounding in fraud must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). However, for fraudulent omission claims, Rule 9(b)'s standard is somewhat relaxed. *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1132 (W.D. Wash. 2010) (citing *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007)); *Zwicker v. Gen. Motors Corp.*, No. C07-0291-JCC, 2007 WL 5309204, at *4 (W.D. Wash. July 26, 2007). In such cases, a plaintiff "will not be able to specify the

time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." *Falk*, 496 F. Supp. 2d at 1098–99. "Nonetheless, a plaintiff pleading fraudulent omission or concealment must still plead the claim with particularity." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. 2013).

GM argues that Plaintiff has failed to allege GM's knowledge of the alleged defect at the time of sale, GM's duty to disclose, or his reliance on any GM omission. Dkt. 19 at 9–14.

**1.    Knowledge**

Plaintiff argues that GM knew of the oil consumption defect through (1) GM's eventual redesign of the engine at issue, (2) the numerous consumer complaints regarding the defect, and (3) GM's Technical Service Bulletins, which Plaintiff alleges address the defect. Dkt. 32 at 15–17; *see also* Dkt. 1, ¶¶ 115, 120–49.

First, GM's eventual redesign of the engine does not adequately allege knowledge. "The fact that GM chose not to use the low-tension oil rings in the context of its redesign of the full engine is of little or no probative value as to whether it knew the rings were defective[.]" *Sloan*, 2017 WL 3283998, at *6. Indeed, GM could have redesigned the engine for independent design or engineering reasons, and this allegation does not meet Rule 9(b)'s heightened pleading standards to adequately allege knowledge.

Second, the consumer complaints may support an inference of knowledge. The Ninth Circuit has found that allegations of unusually high volume of complaints to the defendant directly adequately alleges knowledge. *See Williams v. Yamaha Motor Co.*

*Ltd.*, 851 F.3d 1015, 1026–28 (9th Cir. 2017). On the other hand, courts have expressed doubt that customer complaints on a manufacturer's website adequately support an inference of knowledge because the complaints "merely establish the fact that some consumers were complaining." *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147–48 (9th Cir. 2012).

Here, Plaintiff alleges voluminous amounts of consumer complaints, albeit to third parties or on third party websites. *See, e.g.*, Dkt. 1, ¶ 124 (complaints made to the National Highway Traffic Safety Administration ("NHTSA")), ¶ 127 (complaints made on www.carcomplaints.com), ¶ 142 (complaints made on www.GM-trucks.com). While the complaints do not specifically assert issues with a 2011 Silverado (Plaintiff's Class vehicle), Plaintiff alleges the complaints relate to the same engine: Generation IV Vortec 5300. *See, e.g.*, *id.* ¶ 126 ("Owners of the Class Vehicles . . . have also posted an extraordinary number of online complaints about excessive oil consumption with the Generation IV Vortec 5300 Engines."). This Court has concluded that consumer complaints to the NHTSA may support an inference of knowledge in connection to a recall and repair of the defect. *Short*, 444 F. Supp. 3d at 1281–82.

Most compellingly, Plaintiff alleges that GM issued multiple Technical Service Bulletins ("TSBs") specifically related to two of the components he alleges are responsible for the oil consumption defect. Dkt. 1, ¶¶ 65–70 (AFM system), ¶¶ 71–74 (PCV system). Plaintiff alleges that GM issued TSBs addressing the oil consumption defect as early as 2010. *Id.* ¶¶ 120–21. These allegations allow for a plausible inference

that GM had knowledge of the oil consumption defect prior to 2011 when Plaintiff purchased his vehicle. *See MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093–94 (N.D. Cal. 2014) (TSBs issued five and nine months after purchase, even if only dealing with a particular model vehicle, support plausible inference of knowledge of defect prior to sale of other vehicles including same defective cooling pump); *accord Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 866 (N.D. Cal. 2018).

Further, these TSBs in conjunction with the voluminous amount of consumer complaints support a plausible inference under Rule 9(b)'s standards that GM had knowledge of the oil consumption defect. At the pleading stage, Plaintiff has alleged sufficient allegations to support a plausible inference of GM's knowledge.

### 2. Duty to Disclose

Under Washington law, when a "manufacturer has superior information regarding defects that are not readily ascertainable to customers, it has a duty to disclose that information." *See Carideo*, 706 F. Supp. 2d at 1133 (quoting *Zwicker*, 2007 WL 5309204, at *4). The duty to disclose here depends on GM's knowledge of the alleged defects at the time Plaintiff purchased his 2011 Silverado. *See Short*, 444 F. Supp. 3d at 1280. The Court has concluded that Plaintiff has adequately alleged GM's knowledge, and therefore Plaintiff has adequately alleged GM's duty to disclose.

### 3. Reliance

GM argues that Plaintiff has failed to meet the requirements of Rule 9(b) because he has alleged no facts to establish reliance on any alleged GM omission. Dkt. 19 at 9–10. But in fraudulent omission cases, it is difficult to allege the who, what, when, where,

and how of the fraud. *See Falk*, 496 F. Supp. 2d at 1098–99. But to prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). A plaintiff may do so by showing that had the omitted information been disclosed, he would have behaved differently. *Id.* (internal citation omitted). Plaintiff has met this requirement. He alleges that had GM disclosed the oil consumption defect, he would not have purchased his Class vehicle or paid less for it. Dkt. 1, ¶ 32. This allegation is sufficient at this stage.

Therefore, the Court concludes that Plaintiff has adequately alleged a fraudulent omission claim. His allegations support a plausible inference that GM had knowledge of the oil consumption defect, which in turn triggered their duty to disclose. GM's motion to dismiss is therefore DENIED as to this claim.

**F.     Washington Consumer Protection Act**

Because Plaintiff's Washington Consumer Protection Act ("CPA") claim sounds in fraud, it too must meet the Rule 9(b) pleading standard. See *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). To state a CPA claim, a plaintiff must allege (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) an injury to plaintiff in his or her business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 791 (1986).

GM argues that Plaintiff's CPA claim fails because he has not adequately pled deceptive conduct, causation, or injury. Dkt. 19 at 14–15. The Court has concluded that

Plaintiff has adequately alleged GM's knowledge of the oil consumption defect, which in turn adequately alleges GM's unfair or deceptive conduct. *See, e.g.*, Dkt. 1, ¶ 210 ("[T]he business practices of GM were unfair because GM knowingly sold to Plaintiff and the other Class members vehicles with defective engines that are essentially unusable for the purposes for which they were sold."). This alleged unfair or deceptive practice additionally caused Plaintiff his injury because he alleges that he would not have purchased his Class vehicle or would have paid less if GM had not engaged in the unfair or deceptive practice. *See Zwicker*, 2007 WL 5309204, at *5.

GM additionally argues that Plaintiff's CPA claim fails because he has not alleged that he relied on any particular statement or advertisement made by GM. However, in omission-based cases, a plaintiff does not need to specify reliance and may assert a presumption of reliance, which is ultimately encompassed in causation. *See Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 197 Wn. App. 875, 885–87 (2017). In sum, Plaintiff has adequately alleged a CPA claim.[2]

Therefore, GM's motion is GRANTED as to Plaintiff's CPA claim for injunctive relief and DENIED as to Plaintiff's CPA claim. Plaintiff's claim for injunctive relief under the CPA is DISMISSED without prejudice.

**G.  Unjust Enrichment**

Finally, GM moves to dismiss Plaintiff's unjust enrichment claim. Dkt. 19 at 16. GM argues that Washington law prohibits unjust enrichment claims where there is an

---

[2] Plaintiff also asserted a claim for injunctive relief under the CPA, for which he concedes the dismissal. Dkt. 32 at 19 n.11.

express contract and that Plaintiff's claim is not viable because he did not confer any benefit onto GM. Plaintiff in response asserts that he may assert an alternative claim regardless of consistency. Dkt. 32 at 19.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484 (2008). Indeed, in Washington, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604 (1943).

Here, the parties do not dispute the existence of a contract, i.e. the written GM warranty covering Plaintiff's vehicle, rather they dispute whether the express warranty covers the alleged defect. *See* Dkt. 1, ¶¶ 222, 275; *see also* Dkt. 32 at 19–20. The Court agrees with GM that Plaintiff's contractually based remedies are limited to those available through the express warranty, which is inapplicable here.

GM's motion is, therefore GRANTED, and Plaintiff's claim for unjust enrichment is DISMISSED with prejudice.

**H.    Leave to Amend**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court has concluded that Plaintiff cannot maintain an express warranty or unjust enrichment claim. However, Plaintiff may be able to state a claim for breach of implied warranty, violations of the MMWA, and a claim for injunctive relief under the CPA. If he so chooses, Plaintiff may amend his complaint as to these claims.

### III.  ORDER

Therefore, it is hereby **ORDERED** that GM's motion to dismiss and to strike class allegations, Dkt. 19, is **GRANTED in part** and **DENIED in part**.

Plaintiff may file an amended complaint within **thirty (30) days** of this Order as to his breach of implied warranty, MMWA, and CPA injunctive relief claims.

Dated this 1st day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge